UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
TEVON THOMAS, MATTHEW NELSON,          :
BILLY HIPPOLYTE, ALISHEA WALTERS,      :
GARY JEANTY, MILTON SEARS, DAVID A.    :
ALCINDOR, ALONZO SEALEY, SHELDON       :          **REPORT AND RECOMMENDATION**
NYACK, RAVIN COX, ZANDA DEWAR, ALI     :
KETTRLES, HERBY AIME, JOBE LEEMOW,     :          14 Civ. 7513 (ENV) (VMS)
MARKOUS FRAY, DWYTE PILGRIM,           :
BRANDON THOMAS, RYAN CLYNE and         :
LLOYD HENRY,                           :
                                       :
                 Plaintiffs,           :
                                       :
           -against-                   :
                                       :
CITY OF NEW YORK, JOEBIAN ORTIZ,       :
ALFREDO SKELTON, CAPT. WILLIAM         :
RUSSO, PETER CARRETTA, and GARY        :
MARCUS,                                :
                                       :
                 Defendants.           :
                                       :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

Following the acceptance of offers of judgment by plaintiffs Ryan Clyne, Lloyd Henry,

Ali Kettrles, Dwyte Pilgrim, Alonzo Sealey and Brandon Thomas in this case pursuant to Rule

68, those six plaintiffs (the "Moving Plaintiffs") filed a fully briefed motion for attorney fees and

costs in the amount of $219,796.99.  See Motion for Attorney Fees and Costs Pursuant to the

Previously Accepted Offers of Judgment, ECF No. 88 ("Motion"); Plaintiffs' Memorandum of

Law in Support of Their Motion for Legal Fees and Costs, ECF No. 92 ("Pl. Mem.");

Memorandum of Law in Opposition to Plaintiffs' Fee Application, ECF No. 93 ("Opp.");

Plaintiffs' Reply Memorandum of Law in Further Support of Their Motion for Legal Fees and

Costs, ECF No. 95 ("Reply").  In connection with their motion, the Moving Plaintiffs submitted

declarations setting forth the professional qualifications of Plaintiffs' counsel, as well as proof of

costs and contemporaneous time records to support their fee application.  See Declaration of

Michael Lumer, ECF No. 89 ("Lumer Decl."); Declaration of James Neville, ECF No. 90

("Neville Decl."); Declaration of Khalil El Assaad, ECF No. 91 ("El Assaad Decl.").  The

Honorable Eric N. Vitaliano referred Plaintiffs' motion to this Court for a report and

recommendation.  Having considered Plaintiffs' motion and Defendant's opposition, the Court

respectfully recommends that the District Judge grant in part and deny in part the Moving

Plaintiffs' motion, and award Moving Plaintiffs $203,100.00 in attorneys' fees and $7,066.99 in

costs for a total of $210,167.99.

## I.    BACKGROUND

On December 26, 2014, eighteen Plaintiffs filed a complaint against alleging false arrest,

malicious prosecution and fair trial claims in connection with the police entry of a private

residence located at 641 East 59th Street in Brooklyn, New York on the evening of May 15,

2014.  ECF No. 1.  Plaintiffs subsequently amended their complaint on April 18, 2016, ECF No.

33, and May 18, 2016, ECF No. 37.  On February 14, 2017, the Court consolidated the case

docketed as 14 Civ. 7513 with another related case docketed as 16 Civ. 4224 in light of the

"undisputed fact that the plaintiffs in both cases were arrested by the same members of the New

York City Police Department on May 15, 2014 when a search warrant was executed at 641 East

59th Street in Brooklyn."  2/14/2017 Order.

On February 3, 2017, Defendants tendered offers of judgment to six plaintiffs pursuant to

Federal Rule of Civil Procedure 68.  ECF Nos. 69-73, 76; Pl. Mem. at 8.  Each of the six

Plaintiffs who received an offer of judgment from Defendants accepted it.  Id.

Judgments were entered pursuant to Rule 68 in favor of Plaintiff Ali Kettrles for

$10,001.00, ECF No. 78; in favor of Plaintiff Alonzo Sealey for $5,001.00, ECF No. 79; in favor

of Plaintiff Brandon Thomas for $5,001.00, ECF No. 80; in favor of Plaintiff Dwyte Pilgrim for $5,001.00, ECF No. 81; in favor of Plaintiff Lloyd Henry for $5,001.00, ECF No. 82; and in favor of Plaintiff Ryan Clyne for $5,001.00, ECF No. 125.

The terms of the offers of judgment provided for the payment of reasonable attorneys' fees and costs.  See ECF Nos. 78-82 (each indicating a monetary amount "plus reasonable attorneys' fees, expenses, and costs to the date of this offer").  The parties have been unable to reach a resolution as to the amount Defendants owe the Moving Plaintiffs for reasonable attorneys' fees and costs.  Accordingly, the Moving Plaintiffs who accepted offers of judgment filed this motion pursuant to Federal Rule of Civil Procedure 54, Local Rule 54.1, 42 U.S.C. § 1988, the express terms of the offers of judgment, and the judgments as entered to resolve the dispute over the amount of attorneys' fees and costs Defendants owe the Moving Plaintiffs.  See ECF No. 88.

The Moving Plaintiffs were represented in this action by attorneys Michael Lumer, James Neville, Khalil El Assaad and Chaya Gourarie of the Lumer & Neville law firm, with the assistance from paralegals Jessica Alfarone and Chiara Montalto.  Lumer Decl., Exs. 1-6.

## II.    ANALYSIS

Pursuant to Section 1988, a court may award "the prevailing party" in a Section 1983 lawsuit reasonable attorneys' fees and costs.  See 42 U.S.C. § 1988.  "A party that accepts a Rule 68 offer is considered a 'prevailing party' under Section 1988."  See Coakley v. Webb, No. 14 CIV. 8438 (ER), 2016 WL 1047079, at *2 (S.D.N.Y. Mar. 10, 2016) (quoting Barbour v. City of White Plains, 788 F. Supp. 2d 216, 221 (S.D.N.Y. 2011), aff'd, 700 F.3d 631 (2d Cir. 2012)). Here, the Moving Plaintiffs, having accepted Rule 68 offers from Defendants, may therefore be

awarded reasonable attorneys' fees and costs as the prevailing parties in this action pursuant to Section 1988.

In calculating an award of attorneys' fees under Section 1988, district courts must determine "the lodestar-the product of a reasonable hourly rate and the reasonable number of hours required by the case-[which] creates a 'presumptively reasonable fee.'" Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)).

The reasonableness of the hourly rate depends on factors including the complexity of the case, the quality of counsel's representation, and the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA NYC Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006); Arbor Hill, 522 F.3d at 190 (determination of the reasonable hourly rate includes consideration of "the novelty and difficulty" of the case); see also Millea, 658 F.3d at 168-69 ("[C]onsiderations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate."). "[T]he burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 (1984).

The lodestar amount may be reduced to reflect the degree of success that the plaintiff achieved. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (finding that a fee award may require reduction where a plaintiff "has achieved only partial or limited success"); see also G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist., 894 F. Supp. 2d 415, 428 (S.D.N.Y. 2012) ("[C]ourts may make adjustments to the presumptively reasonable fee based on [ ] the degree of

success obtained by the prevailing party."); <u>Adorno v. Port Auth. of N.Y. & N.J.</u>, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (recognizing that "courts have been adjusting the 'presumptively reasonable fee' for traditional factors such as the degree of the plaintiff's success" (collecting cases)). The Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." <u>Kassim v. City of Schenectady</u>, 415 F.3d 246, 252 (2d Cir. 2005); <u>see</u> <u>Millea</u>, 68 F.3d at 154 ("Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes. . . . The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery.").

### a. Reasonableness of Rates

The Moving Plaintiffs seek reimbursement of attorneys' fees for work performed by two partners (Michael Lumer and James Neville), one associate (Khalil El Assaad), and two paralegals (Jessica Alfarone and Chiara Montalto). <u>See</u> Lumer Decl. ¶ 12. The Moving Plaintiffs do not seek reimbursement for the 16 hours of work performed by Chaya Gourarie, an associate who now works at another law firm. Lumer Decl. ¶¶ 41-42.

### i. Mr. Lumer

Mr. Lumer is a partner at Lumer & Neville, a law firm he co-founded in 2013. Lumer Decl. ¶ 19. He was admitted to practice law in 1996 and has litigated civil rights cases for over twenty years. <u>Id.</u> ¶¶ 13, 16. He has handled over 300 cases in the Eastern and Southern Districts of New York, the majority of which have been civil rights cases. <u>Id.</u> ¶¶ 17-18.

The Moving Plaintiffs argue that work performed by Michael Lumer should be reimbursed at an hourly rate of $500. Defendants counter that an hourly rate of $500 is not

reasonable in the Eastern District of New York, and that the Moving Plaintiffs should instead be reimbursed for work performed by Mr. Lumer at an hourly rate of $375.  Opp. at 12-13.

The Moving Plaintiffs cite to a series of cases in the Southern District of New York in which courts approved hourly rates of $500 or more for partners with significant experience.  See Pl. Mem. at 9-10 (citing Bailey v. Pataki, No. 08 Civ. 8563 (JSR), 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (awarding hourly rates of $550 to attorneys with 10 years of experience, and $600 to those with more in a § 1983 action); Demonchaux v. Unitedhealthcare Oxford, No. 10 Civ. 4491 (DAB), 2014 WL 1273772, at *7 (S.D.N.Y. Mar. 27, 2014) (awarding hourly rates of $600 for a partner and $500 for a senior associate in ERISA action); Asare v. Change Grp. of New York, Inc., No. 12 Civ. 3371 (CM), 2013 WL 6144764, at *19 (S.D.N.Y. Nov. 18, 2013) ($750 per hour for partner, $500 for senior associate, in FLSA action); In re Nissan Radiator/Transmission Cooler Litig., No. 10 Civ. 7493 (VB), 2013 WL 4080946, at * 17 (S.D.N.Y. May 30, 2013) ($795 per hour for partner and $675 for associate in a products liability class action); Barbour v. City of White Plains, 788 F. Supp. 2d 216, 225 (S.D.N.Y. 2011) (awarding rate of $625 to experienced civil rights litigator); DeCurtis v. Upward Bound Intern., Inc., No. 09 Civ. 5378 (RJS), 2011 WL 4549412, at *7 (S.D.N.Y. Sept. 27, 2011) ($550 for a partner in labor and employment litigation); Adorno v. Port Auth. of NY & NJ, 685 F. Supp. 2d 507, 513-14 (S.D.N.Y. 2010) ($550 per hour for partner in civil rights litigation); LV v. New York City Dep't of Educ., 700 F. Supp. 2d 510, 519 (S.D.N.Y. 2010) ($600 per hour a reasonable rate for experienced litigators in an IDEA class action); Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (awarding $600 per hour partner in employment discrimination case); Robinson v. City of New York, No. 05 Civ. 9545 (GEL), 2009 WL 3109846, at *5 (S.D.N.Y. Sept. 29, 2009) ($500 per hour for a partner in employment litigation

6

case); Rodriguez v. Pressler & Pressler, LLP, No. 06 Civ. 5103 (BMC) (JO), 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) ($450 per hour for partner in civil rights case); In re Telik, Inc. Sec. Litig., 576 F. Supp. 2d 570, 589 (S.D.N.Y. 2008) (approving rates ranging from $700 to $750 per hour in a securities fraud case)).

These Southern District of New York cases are not helpful in determining the appropriate rate in the present case.  The forum rule, which is well established in this Circuit, provides that "courts should use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee."  Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (citing Arbor Hill, 493 F.3d at 119).  "When faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule."  Id. at 176.  To persuade a court to deviate from the forum rule, the party seeking fees must show "that the case required special expertise beyond the competence of forum district law firms."  Id. (internal quotation marks omitted).

The Second Circuit's decision in Simmons has been cogently criticized by courts in this District in light of the geographic proximity of the Eastern and Southern Districts of New York, with two boroughs of New York City located in the Southern District of New York, and three located in this District.  See, e.g., Gutman v. Klein, No. 03 Civ. 1570 (BMC), 2009 WL 3296072, at *2 n.1 (E.D.N.Y. Oct. 13, 2009) ("Although I am of course bound by Simmons, there remain concerns with requiring litigants to justify their attorney selection by proving that a reasonable client would have selected a Southern District attorney because it would 'likely produce a substantially better net result' . . . . It may be that the concept of a geographically-based as opposed to case complexity-based lodestar will someday have as much relevance to the selection of an attorney as dinosaurs have to birds.") (quoting Simmons, 575 F.3d at 177)), aff'd,

515 F. App'x 8 (2d Cir. 2013); <u>246 Sears Rd. Corp. v. Exxon Mobil Corp.</u>, No. 09 Civ. 889

(NGG) (JMA), 2013 WL 4506973, at *10 (E.D.N.Y. Aug. 22, 2013); <u>Luca v. Cty. of Nassau</u>,

698 F. Supp. 2d 296, 300-01 (E.D.N.Y. 2010) ("<u>Simmons</u> abjured the use of Southern District

rates for Eastern District litigations because the plaintiff had not shown 'that they were likely to

produce a substantially better result than competent counsel in the Eastern District would

produce for less . . . money,' reasoning that the defendant 'should not be required to pay for a

limousine when a sedan could have done the job.' <u>Simmons</u>, 575 F.3d at 177.  In conjuring this

metaphor, the [<u>Simmons</u>] court presumably did not intend to suggest that there was a qualitative

difference in the competency of counsel between the two districts, yet it regrettably may be

perceived by lawyers whose offices are in the Eastern District as having a condescending tone.

To be sure, the Court has throughout the years presided over trials with Eastern District lawyers .

. . who deserved to drive in limousines, and has had trials with some Southern District lawyers

who should have been driving clunkers.  The Court presumes that the <u>Simmons</u> court would

agree that the differences in rates between the two districts, rather than being qualitatively based,

are more likely driven by the differences in office rents and the costs of running a law practice.")

Although Plaintiffs make strong policy arguments as to why hourly rates for cases

litigated in the Eastern District of New York should not be different from hourly rates for cases

litigated in the Southern District of New York given that the two districts are located in the same

city, [1] this Court is bound by the Second Circuit's decision in <u>Simmons</u> to apply the forum rule

---

[1] Specifically, Plaintiffs argue that there is no fundamental qualitative difference between the lawyering or the adjudicating in the Eastern District of New York and the Southern District of New York; and the distinction between these two Districts does not relate to the relative value of the services provided to people in the who live in them.  Pl. Mem. at 11 fn.2.

absent a showing that the case required special expertise beyond the competence of forum district law firms.  See Simmons, 575 F.3d at 177.[2]

Plaintiffs have failed to rebut the Simmons presumption and show that the case required special expertise beyond competence of forum district law firms, thus it is appropriate to use prevailing Eastern District of New York rates here.  See 246 Sears Rd. Corp. v. Exxon Mobil Corp., No. 09 Civ. 889 (NGG) (JMA), 2013 WL 4506973, at *11 (E.D.N.Y. Aug. 22, 2013).

The Moving Plaintiffs fail to cite any case in this District in which the court approved an hourly rate of $500.[3]  "In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners and $100 to $325 for associates in civil rights cases."  See Smart v. City of New York, No. 15 Civ. 1405 (RRM) (PK), 2017 WL 933080, at *3 (Feb. 17, 2017), R&R adopted, 2017 WL 928472 (E.D.N.Y. Mar. 8, 2017).

Specifically, an hourly rate of $425 for Mr. Lumer has been found to be reasonable by courts in this District on multiple occasions.  Mr. Lumer's $425 hourly rate was first approved by a court in this District in 2011 in Blount v. City of New York, 11 Civ. 0124 (BMC), 2011 WL 8174137, at *1 (E.D.N.Y. Aug. 12, 2011).  Mr. Lumer's hourly rate of $425 was again found to be reasonable two years later in Mariani v. City of New York, No. 12 Civ. 288 (NG) (JMA),

---

[2] In Luca v. Cty. of Nassau, which the Moving Plaintiffs cite, the District Judge declined to strictly apply the forum rule in this District given "uniquely permeable" border between the Eastern and Southern Districts of New York and instead considered prevailing rates in both districts when assessing attorney's fees.  No. 04 Civ. 4898 (FB), 2008 WL 2435569, at *9 (E.D.N.Y. June 16, 2008), aff'd in part, vacated in part, remanded, 344 F. App'x 637 (2d Cir. 2009).  On appeal, the Second Circuit vacated the District Court's decision in light of its then-recent decision in Simmons.  See Luca, 344 F. App'x at 641 (citing Simmons, 575 F.3d at 174).

[3] This Court awarded at rate of $525.00 per hour for an attorney with 40 years' experience in an employment case.  See Chawla v. Metro. Oral Surgery Assocs., P.C., No. 11 Civ. 6248 (RRM) (VMS), 2014 WL 4678023, at *11 (E.D.N.Y. Sept. 19, 2014) (where the Court found it was appropriate to depart from the forum rule and award the attorney rates in line with those awarded in Southern District of New York).

2013 WL 11312399, at *1 (E.D.N.Y. July 1, 2013).  As the Moving Plaintiffs point out, that case involved a false arrest claim that was resolved early in the litigation when the plaintiff accepted a $5,001 offer of judgment.  Id.  The City of New York objected to the $425 hourly rate, but the court nonetheless ruled in 2013 that the $425 rate was reasonable.  Id.

Recently, on February 17, 2017, Magistrate Judge Peggy Kuo issued a Report and Recommendation recommending that the district court award fees for work performed by Mr. Lumer at an hourly rate of $425.  See James v. City of New York, No. 15 Civ. 3657 (ERK) (PK), 2017 WL 696026, at *3 (Feb. 17, 2017), R&R adopted in part, 2017 WL 2414627 (E.D.N.Y. June 2, 2017).  The District Court adopted Magistrate Judge Kuo's report and recommendation in relevant part, including her recommendation that the court award fees using a $425 hourly rate for work performed by Mr. Lumer.  See James v. City of New York, No. 15 Civ. 3657 (ERK) (PK), 2017 WL 2414627, at *1 (E.D.N.Y. June 2, 2017).

In light of the decisions in this District finding an hourly rate of $425 for Mr. Lumer reasonable, and the passage of six years since Mr. Lumer's hourly rate of $425 was first approved by a court in this District, the Court respectfully recommends that attorneys' fees for work performed by Mr. Lumer be recalculated based on an hourly rate of $450, which represents an increase over Mr. Lumer's historical rate to take into account increased costs over time and Mr. Lumer's increased experience as an attorney.  An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District.  See Smart, 2017 WL 933080, at *3; Rodriguez v. Pressler & Pressler, LLP, No. 06 Civ. 5103 (BMC) (JO), 2009 WL 689056 (E.D.N.Y. Mar. 16, 2009) (awarding $450 per hour to civil rights attorney with 17 years of experience).

### ii.  Mr. Neville

The Moving Plaintiffs request reimbursement for work performed by James C. Neville at an hourly rate of $500.  Mr. Neville is also a partner at Lumer & Neville, a law firm he co-founded in 2013.  See Neville Decl. ¶¶ 1-2.  Mr. Neville has been practicing law for over thirty years.  See Neville Decl. ¶ 5.  Although he has historically practiced primarily criminal defense, in recent years, his work has shifted to civil rights cases.  Id.  In light of Mr. Neville's wealth of experience as a trial lawyer in federal cases in this District, id. ¶¶ 5-13, an hourly rate comparable to Mr. Lumer's hourly rate is reasonable.  Accordingly, the Court respectfully recommends that attorneys' fees for work performed by Mr. Neville be recalculated based on an hourly rate of $450.

### iii.  Mr. El Assaad

Mr. El Assad is a junior associate at Lumer & Neville requesting fees at an hourly rate of $200.  El Assad Decl. ¶ 1.  Mr. El Assad graduated from law school in 2015.  Id. ¶ 2.  "Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $200-$325 for senior associates, and $100-$200 for junior associates." Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014).  Although Mr. El Assad is a junior associate, his qualifications and experience in the short time since graduating from law school-as Fellow at the Impact Center for Public Interest Law and Advocacy and a Volunteer at the New York Civil Liberties Union prior to joining Lumer & Neville-justify an hourly rate on the high end of the range for junior associates.  See El Assad Decl. ¶¶ 2-5.  Accordingly, the Court respectfully recommends that the District Court find an hourly rate of $200 for work performed by Mr. El Assaad to be reasonable.

### iv.  Paralegals

The Moving Plaintiffs argue that an hourly rate of $125 for paralegals Jessica Alfarone and Chiara Montalto is reasonable.  See Pl. Mem. at 25-26.  Defendants argue that their rate should be reduced to $85.  See Opp. at 15.

Prevailing hourly rates for paralegals in this District are typically between $75.00 and $100.00.  See, e.g., Volpe v. Nassau Cty., No. 12 Civ. 2416 (JFB) (AKT), 2016 WL 6238525, at *8 (E.D.N.Y. Oct. 24, 2016) ("In light of the prevailing hourly rates in this district . . . the Court concludes that $90 per hour is a reasonable rate for the paralegal who worked on this case."); Lopez v. PMMT Inc., No. 14 Civ. 2057 (FB) (VMS), 2016 WL 7633264, at *16 (Aug. 25, 2016), R&R adopted, No. 14 Civ. 2057 (FB) (VMS), 2017 WL 27943 (E.D.N.Y. Jan. 3, 2017) (reducing paralegal rate from $105 to $100); D'Annunzio v. Ayken, Inc., 11 Civ. 3303 (WFK) (WDW), 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015) ("Courts in the Eastern District of New York award hourly rates ranging from . . . $70 to $100 per hour for paralegals."); Janus v. Regalis Const., Inc., No. 11 Civ. 5788 (ARR) (VVP), 2012 WL 3878113, at *12 (E.D.N.Y. July 23, 2012) (reducing paralegal rate from $125 to $100), R&R adopted, No. 11 Civ. 5788 (ARR), 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012); Ferrara v. All-Around Trucking Inc., No. 10 Civ. 5845 (RRM), 2011 WL 6026300, at *6 (E.D.N.Y. Nov. 8, 2011) (approving $90 paralegal rate), R&R adopted, 2011 WL 6026294 (E.D.N.Y. Dec. 2, 2011).

One of the paralegals who performed work in this case, Ms. Alfarone, was previously awarded $100 per hour.  See Charles v. City of New York, No. 13 Civ. 3547 (PAE), 2014 WL 4384155 (S.D.N.Y. Sept. 4, 2014).  Although that case was in a different district, the Court finds that an hourly rate of $100 is within the range of reasonable rates for paralegals in this District as

well.  See, e.g., Janus, 2012 WL 3877963, at *1.  Accordingly, the Court recommends that the paralegal hourly rates for work performed in this case be reduced from $125 to $100.

### b.  Reasonableness of Hours Billed

Having determined a reasonable hourly rate to use in compensating the Moving Plaintiffs' counsel, the Court now turns to determining the reasonableness of counsel's claimed number of hours.  Defendants argue that the requested fees should be reduced to account for work performed solely on behalf of non-moving plaintiffs.  See Opp. at 15-20.  First, Defendants argue that hours spent attending depositions of non-moving plaintiffs should be excluded from the fee award, or, in the alternative, reduced by 60 percent.  Opp. at 17-18.  Second, Defendants argue that the hours spent in connection with the deposition of Alfredo Skelton, an officer who was on site when the arrests occurred, but who is only being sued by a non-moving plaintiff, should be excluded from the fee award.  Opp. at 18.  Third, Defendants argue that hours spent on activities like drafting a Second Amended Complaint, which contained some allegations involving the Moving Plaintiffs and other allegations that did not involve the Moving Plaintiffs, and depositing Detective Ortiz, an officer who arrested all of the plaintiffs-not just the Moving Plaintiffs-should be excluded from the fee award because they represent "commingled fees." See Opp. at 19.  In the alternative, Defendants contend such "commingled fees and costs" should be reduced by 40 percent to account for the work done on behalf of non-moving plaintiffs.  Id. The Moving Plaintiffs argue that the hours for which they request reimbursement were reasonably related to the presentation of the Moving Plaintiffs' claims.  See Reply at 10-13.

"In determining the number of hours reasonably expended . . . [a] district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims."  Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

13

Here, the hours Defendants seek to exclude were not excessive, redundant, unnecessary, or dedicated solely to severable unsuccessful claims. As in Hargroves v. City of New York, in which the court declined to impose a gross percentage reduction on fees to account for work performed on behalf of unsuccessful plaintiffs, the activities that Defendants argue should be excluded from the fee award (or significantly reduced) such as the depositions of non-moving plaintiffs, the officer who arrested all plaintiffs, and an officer sued only by a non-moving plaintiff, focused on facts and legal issues relevant to all plaintiffs. Hargroves v. City of New York, No. 03 Civ. 1668 (RRM) (VMS), 2014 WL 1270585, at *4 (Jan. 6, 2014), R&R adopted, No. 03 Civ. 1668 (RRM) (VMS), 2014 WL 1271039 (E.D.N.Y. Mar. 26, 2014) (declining to impose a gross percentage reduction of fees when the "'hours spent preparing the unsuccessful [p]laintiffs for their depositions . . . were [also] hours reasonably expended in furtherance of the prevailing [p]laintiffs' claims' because, 'given that the case centered on [all plaintiffs'] unlawful arrest as part of a group together, they had discoverable information that was relevant to the successful [p]laintiffs' claims.'" (quoting Hargroves, 2014 WL 1270585, at *15).

Following the guidance of the Supreme Court in Hensley, the threshold issue is whether the successful and unsuccessful Plaintiffs' claims are sufficiently discrete that the hours expended on these claims can be divided on a claim-by-claim basis. See Hensley, 461 U.S. at 434-35. In this case, it cannot be said that the different Plaintiffs' claims rested on "different facts and legal theories," id. at 434. As the Moving Plaintiffs explain, all Plaintiffs in this case were part of a group of 29 people arrested pursuant to the execution of a single search warrant; all arrests were made at the same time and were processed together; and although only one non-moving Plaintiff is suing Defendant Skelton, he participated in the breach of the units and seizure of all Plaintiffs, and as such is an important fact witness as to all Plaintiffs' claims requiring the

14

Moving Plaintiffs' counsel to attend his deposition.  Therefore, the court must "focus on the

significance of the overall relief obtained by the plaintiff[s] in relation to the hours reasonably

expended on the litigation." Id. at 435.  Accordingly, the Court does not find a reduction of fees

to account for work performed solely on behalf of non-moving Plaintiffs to be necessary here.

### c. Per Diem Fees

The Moving Plaintiffs seek $3,000 in per diem legal fees for the services of attorneys

Robert Marinelli and Nathan Belofsky, who Mr. Lumer hired to defend the depositions of three

non-moving Plaintiffs (Milton Sears, Sheldon Nyack, and David Alcindor).  Lumer Decl. ¶¶ 12,

50.  Although Defendants oppose the award of attorneys' fees for those depositions on the basis

that such work was unrelated to the presentation of the Moving Plaintiffs' cases, Defendants do

not challenge the award of per diem fees on any other basis.  Because, as discussed above, the

Court finds that the depositions of non-moving plaintiffs to be relevant to the claims of the

Moving Plaintiffs, see Hargroves, 2014 WL 1270585, at *15, the remaining question is whether

to allow a per diem fee award and whether the amount sought is reasonable.

Although courts in this Circuit do not ordinarily award attorneys' fees on a flat-rate basis,

because Mr. Marinelli and Mr. Belofsky were hired for such limited and discrete tasks with

readily discernable start and end times, an award of fees for their services in this case is

appropriate.  See CSC Holdings, Inc. v. Khrisat, No. 04 Civ. 8592 (LBS) (RLE), 2005 WL

3030838, at *5 (S.D.N.Y. Nov. 8, 2005) (allowing recovery of attorney's fees based on a pre-

arranged flat fee arrangement where records made clear the nature and dates of tasks performed

and who performed them).

In addition, the Court finds that the amount requested for the services of Mr. Marinelli

and Mr. Belofsky is reasonable.  Mr. Marinelli was admitted to practice law in 1993 and has

litigated hundreds of civil rights cases in state and federal courts.  Lumer Decl. ¶ 51.  Mr.

Belofsky has been admitted to practice law since 1985.  Both attorneys have over twenty years of

experience.  Id.  The depositions attended by Mr. Marinelli lasted for a total of eight hours, and

the depositions attended by Mr. Belofsky lasted for a total of four hours.  Id. ¶ 54.  Therefore,

although the fee arrangements between Lumer & Neville on the one hand and Mr. Marinelli and

Mr. Barofsky on the other, respectively, involved a contingent flat fee, see id. ¶ 54, the Moving

Plaintiffs essentially seek fees at a rate of roughly $250 per hour.  As discussed above, an hourly

rate of $250 is well within the bounds of what courts in this District consider to be a reasonable

hourly rate for an attorney with more than twenty years of experience.  See Section II(a)(i),

supra.  Accordingly, the Court finds that that attorneys' fees of $2,000 for the eight hours of

work performed by Mr. Marinelli, and $1,000 for the four hours of work performed by Mr.

Belofsky to be reasonable.

### d.  Fees Billed in Connection with the Moving Plaintiffs' Fee Application

The Moving Plaintiffs request fees for the preparation of their fee application and related

briefing.  See Pl. Mem. at 26-30.  Defendants argue that the Moving Plaintiffs should not granted

fees for work performed in connection with their fee application, particularly in light of language

in the Rule 68 Offers accepted by the Moving Plaintiffs that expressly provides for "reasonable

attorney's fees, expenses, and costs to the date of this offer."  See Opp. at 20-21.

As an initial matter, "a party that has been awarded attorneys' fees is generally entitled to

recover the reasonable cost of making a fee application."  Mawere v. Citco Fund, Servs. (USA)

Inc., No. 09 Civ. 1342, 2011 WL 6779319, at *24 (S.D.N.Y. Sept. 16, 2011), R&R adopted,

2011 WL 6780909 (S.D.N.Y. Dec, 27, 2011).

Some courts in this Circuit have declined to award fees incurred after the acceptance of a Rule 68 offer containing the "to the date of this offer" language.  See, e.g., James v. City of New York, No. 15 Civ. 3657 (ERK) (PK), 2017 WL 2414627, at *1 (E.D.N.Y. June 2, 2017) (sustaining the defendant's objection to the recommendation that the plaintiff recover "fees on fees," where the offer of judgment limited recovery of fees to "reasonable attorneys' fees, expenses and costs to the date of this offer for plaintiff's federal claims"); Schoolcraft v. City of New York, No. 10 Civ. 6005 (RWS), 2016 WL 4626568, at *13 (Sept. 6, 2016), modified on reconsideration, 248 F. Supp. 3d 506 (S.D.N.Y. 2017) (declining to award fees-on-fees where the Rule 68 offer provided that "plaintiff shall be entitled to reasonable attorney's fees, expenses, and costs to the date of this offer" but also that "plaintiff's counsel is not entitled to fees and expenses for work done preparing and filing this motion.").  In contrast, other courts have permitted reasonable fees to be recovered despite identical language in the Rule 68 offer, see, e.g., John v. Demaio, No. 15 Civ. 6094 (NGG) (CLP), 2016 WL 7469862, at *11 (E.D.N.Y. Sept. 29, 2016) (finding time spent preparing a motion for attorney's fees compensable where the Rule 68 Offer stated, "defendants hereby offer . . . reasonable attorneys' fees, expenses, and costs to the date of this offer."), R&R adopted, 2016 WL 7410656 (E.D.N.Y. Dec. 22, 2016); Struthers v. City of New York, No. 12 Civ. 242, 2013 WL 5407221, at *9 (E.D.N.Y. Sept. 25, 2013) (awarding fees incurred in preparing motion for fees after a similar Rule 68 Offer of Judgment was accepted); Lee v. Santiago, No. 12 Civ. 2558 (PAE) (DF), 2013 WL 4830951, at *13 (S.D.N.Y. Sept. 10, 2013) ("Although, by necessity, Plaintiff's counsel's work on the fee application occurred after the date of the offer of judgment . . . the Court concludes that it retains discretion to award reasonable compensation for this work . . . [and] recommend[s] that the [District] Court compensate counsel for some amount of work in preparing the fee application.");

Rosado v. City of New York, No. 11 Civ. 4285 (SAS), 2012 WL 955510, at *6 (S.D.N.Y. Mar. 15, 2012) (concluding that, despite the language in the Rule 68 offer that plaintiff's counsel could recover "reasonable attorneys' fees, expenses, and costs to the date of this offer," fees for the time spent preparing a fee motion were recoverable as a matter of equity).

As discussed above, "a party that has been awarded attorneys' fees is generally entitled to recover the reasonable cost of making a fee application," Mawere, 2011 WL 6779319, at *24 ("[A] party that has been awarded attorneys' fees is generally entitled to recover the reasonable cost of making a fee application."). The Court does not find that the agreement to pay attorneys' fees incurred up until the date of the Rule 68 offers precludes the award of reasonable attorneys' fees under § 1988 following the date of the offer, as the Rule 68 offers are silent as to the award of attorneys' fees following the date of the offer. See Struthers v. City of New York, No. 12 Civ. 242 (JG), 2013 WL 5407221, at *9 (E.D.N.Y. Sept. 25, 2013) (awarding fees incurred in preparing motion for fees after a similar Rule 68 offer of judgment was accepted); Rosado, at *6 (concluding that, despite the language in the Rule 68 offer that plaintiff's counsel could recover "reasonable attorneys' fees, expenses, and costs to the date of this offer," fees for the time spent preparing a fee motion were recoverable as a matter of equity).

Offers of judgment pursuant to Rule 68 are "'construed according to ordinary contract principles.'" Jolly v. Coughlin, No. 92 Civ. 9026, 1999 WL 20895, at *4 (S.D.N.Y. Jan. 19, 1999) (quoting Goodheart Clothing Co., Inc. v. Laura Goodman Enters., Inc., 962 F.2d 268, 272 (2d Cir.1992)). Settlement agreements should be interpreted as would any contract, except that a waiver or limitation on attorney's fees in the Rule 68 offer must be clear and unambiguous. See Erdman v. Cochise County, Arizona, 926 F.2d 877, 880 (9th Cir. 1991). Moreover, ambiguities

18

in the contract will be construed against the drafter.  See Jolly, at *4 (citing Webb v. James, 147 F.3d 617, 619 (7th Cir. 1998)).

The Rule 68 Offer did not terminate the Moving Plaintiffs' Section 1988 right.  It was City's choice to leave open the determination of fees-on-fees as reasonable as the Rule 68 Offer did not contain fee-cutoff provision.  Given that the Rule 68 offer implicitly provides that there may be process to determine fees-which would lead to fees-on-fees award, and Rule 68 offer does not preclude such an award-the court can and should award fees.  Federal courts "have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 981 (9th Cir. 2008) (citation omitted) (in a case where the court found it was it was reasonable for plaintiff to decline a Rule 68 offer that contained a fee-cutoff because accepting it would "have left him without the ability to apply to the Court for the fees incurred in the process of moving for attorney fees, that is, so-called 'fees-on-fees'").  "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee."  Id.

Moreover, as the Moving Plaintiffs note, the Moving Plaintiffs attempted to settle the issue of attorneys' fees out of court, and only after the non-response of Defendants did they file the instant motion.  Lumer Decl. ¶ 87.  Accordingly, the Court finds that the award of attorneys' fees for the briefing of this motion is reasonable and justified.  Valley Disposal, Inc. v. Central Vt. Solid Waste Mgmt. Dist., 71 F.3d 1053, 1059 (2d Cir. 1995) (courts should evaluate an application for the costs of preparing the fee application in the same manner as the costs of litigating the case).

The Moving Plaintiffs request attorney's fees for the 13 hours of Michael Lumer's drafting the instant motion and 6.5 hours of Michael Lumer's time spent drafting and editing the reply brief.  See Lumer Decl. ¶ 2; Reply Declaration of Michael Lumer, ECF No. 94 ("Lumer Reply Decl.") ¶ 6.  The Court finds that 19.5 hours for the drafting of the instant motion and reply are reasonable.  Accordingly, taking into account the adjusted hourly rate for Mr. Lumer as discussed above in Section II(a)(i), the Court recommends an award of $8,775 (19.5*$450).

The Court finds that reimbursement of fees incurred in connection with the filing of this motion are warranted in this case.

### e.  Costs

The Moving Plaintiffs seek $7,066.99 in costs.  See Lumer Decl. Exs. 7-9.  Defendants do not appear to contest this request.  "Costs are ordinarily recoverable where they are 'incidental and necessary to the litigation.'"  Capone v. Patchogue-Medford Union Free Sch. Dist., No. 04 Civ. 2947 JS (MLO), 2011 WL 743573, at *5 (E.D.N.Y. Feb. 23, 2011) (quoting Tips Exports, Inc. v. Music Mahal, Inc., No. 01 Civ. 5412, 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007)).  The costs for which the Moving Plaintiffs seek reimbursement include the filing and service of this action, seven days of deposition testimony, and less than $100 in duplicating costs.  See Lumer Decl. ¶ 82, Exs. 7-9.  The Court finds these costs incidental and necessary to the litigation and respectfully recommends that the District Court grant the Moving Plaintiffs' request for costs in its entirety.

## III.    CONCLUSION

For these reasons, the Court respectfully recommends that the District Judge grant in part and deny in part the Moving Plaintiffs' motion for attorneys' fees and costs, and award the Moving Plaintiffs $202,875 in attorneys' fees (including $8,775 for the 19.5 hours expended

briefing the instant motion) and $7,066.99 in costs for a total of $209,942.99, as detailed in the

chart below:

| Legal Staff Member | Title | Rate | Hours | Fees to Be Awarded |
|---|---|---|---|---|
| Michael Lumer | Partner | $450 | 396.5 | $178,425 |
| James Neville | Partner | $450 | 8.4 | $3,780 |
| Chaya Gourarie | Associate | n/a | 16.2 | 0 |
| Khalil El Assaad | Associate | $200 | 65.9 | $13,180 |
| Jessica Alfarone | Paralegal | $100 | 32.4 | $3,240 |
| Chiara Montalto | Paralegal | $100 | 12.5 | $1,250.00 |
| Robert Marinelli | Per Diem | Flat | n/a | $2,000 |
| Nathan Belofsky | Per Diem | Flat | n/a | $1,000 |
| | | | | |
| TOTAL | | | | $202,875 |

IV.    OBJECTIONS

Written objections to this report and recommendation must be filed within fourteen days

of service and in accordance with the Individual Rules of the Honorable Eric N. Vitaliano.  28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file objections within the specified time

waives the right to appeal. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Caidor v. Onondaga

Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Dated:  Brooklyn, New York
           December 1, 2017

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

21